**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4114**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

PEZZULO SCURLOCK,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge. (5:10-cr-00233-D-1)

Submitted: August 19, 2011        Decided: September 16, 2011

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Michael Gordon James, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pezzulo Scurlock pleaded guilty, pursuant to a plea agreement, to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). The district court sentenced Scurlock to thirty-three months in prison followed by three years of supervised release. On appeal, Scurlock's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could find no meritorious issues for appeal, but questions whether the district court procedurally erred by failing to address one of Scurlock's arguments for a shorter sentence. Scurlock was notified of his right to file a pro se supplemental brief but has not done so. The Government moved to dismiss the appeal to the extent it is precluded by the appeal waiver in Scurlock's plea agreement.

We consider a defendant's waiver of his right to appeal de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Where the United States seeks to enforce an appeal waiver and there is no claim that the United States breached its obligations under the plea agreement, we generally will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal; and (2) the issue being appealed is within the scope

2

of the waiver.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record confirms that Scurlock knowingly and intelligently waived his right to appeal his sentence.  In his plea agreement, Scurlock explicitly waived the right to challenge his sentence on appeal, reserving only the right to appeal a sentence in excess of the applicable Sentencing Guidelines range.  The district court conducted the colloquy required by Rule 11, and Scurlock affirmed under oath that he understood all the terms of his plea agreement as well as the appeal waiver specifically.  The issue raised in Scurlock's Anders brief falls squarely within the compass of the waiver.  Accordingly, we grant the Government's motion to dismiss the appeal as to Scurlock's sentence.

The waiver provision did not, however, waive Scurlock's right to appeal his conviction.  In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues outside the scope of Scurlock's appeal waiver.  We have found no such issues.  Therefore we affirm Scurlock's conviction and grant the Government's motion to dismiss in part as to Scurlock's sentence.

This Court requires that counsel inform Scurlock, in writing, of the right to petition the Supreme Court of the United States for further review.  If Scurlock requests that a

3

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Scurlock. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART